IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION

| | |
|---|---|
| SCOTTY EDWARDS, | ) |
|     Petitioner, | ) |
| v. | )    No. 1:20-cv-01125-STA-jay |
| UNITED STATES OF AMERICA, | ) |
|     Respondent. | ) |

ORDER DENYING § 2255 PETITION,
DENYING CERTIFICATE OF APPEALABILITY,
AND
DENYING LEAVE TO APPEAL *IN FORMA PAUPERIS*

Petitioner Scotty Edwards filed a *pro se* motion to vacate, set aside, or correct his sentence (the "Petition"), pursuant to 28 U.S.C. § 2255.  (ECF No. 1.)[1]  The pleading is before the Court for initial review.  *See Rules Governing Section 2255 Proceedings for the United States District Courts*, Rule 4(b).  For the reasons that follow, the Petition is **DENIED**.

On March 18, 2019, Edwards pleaded guilty before the undersigned to two counts of aiding and abetting the robbery of businesses engaged in interstate commerce, in violation of 18 U.S.C. §§ 2 and 1951 ("Hobbs Act robbery"), and two counts of aiding and abetting the knowing use, carrying, and brandishing of a firearm during and in relation to a crime of violence, in violation of 18 U.S.C. §§ 2 and 924(c).  (*United States v. Edwards*, No. 1:17-cr-10103-STA-2 (W.D. Tenn.),

---

[1] Unless otherwise noted, record citations are to documents filed in the instant case.

ECF No. 170.) The Defendant was sentenced on July 30, 2019, to a total of 128 months' incarceration and five years of supervised release. (*Id.*, ECF No. 216.) No direct appeal was taken.

Edwards filed his Petition on June 9, 2020. He raises the sole claim that his § 924(c) firearm convictions are invalid after the Supreme Court's decision in *United States v. Davis*, 139 S. Ct. 2319 (2019). He argues that aiding and abetting Hobbs Act robbery is not a "crime of violence" for purposes of § 924(c) because *Davis* invalidated the statute's residual clause. *See Davis*, 139 S. Ct. at 2336 (holding § 924(c)'s residual clause is unconstitutional). The Court determines that the claim is without merit.

"A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: (1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid." *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (citation and internal quotation marks omitted). A petitioner has the burden of proving that he is entitled to relief by a preponderance of the evidence. *Pough v. United States*, 442 F.3d 959, 964 (6th Cir. 2006).

The firearm statute under which Edwards was convicted provides in pertinent part that,

> [e]xcept to the extent that a greater minimum sentence is otherwise provided by this subsection or by any other provision of law, *any person who, during and in relation to any crime of violence* or drug trafficking crime (including a crime of violence or drug trafficking crime that provides for an enhanced punishment if committed by the use of a deadly or dangerous weapon or device) for which the person may be prosecuted in a court of the United States, uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm, shall, in addition to the punishment provided for such crime of violence or drug trafficking crime—
>
> (i) be sentenced to a term of imprisonment of not less than 5 years;
>
> (ii) if the firearm is brandished, be sentenced to a term of imprisonment of not less than 7 years; and

>   (iii) if the firearm is discharged, be sentenced to a term of imprisonment of not less than 10 years.

18 U.S.C. § 924(c)(1)(A)(i)-(iii) (emphasis added).

Section 924(c)(3) sets forth a "two-part definition" of crime of violence, "only one part of which need apply." *United States v. Robinson*, 708 F. App'x 272, 273 (6th Cir. 2017). "First, a crime of violence is a felony that 'has as an element the use, attempted use, or threatened use of physical force against the person or property of another.'" *Id.* (quoting 18 U.S.C. § 924(c)(3)(A)). This is known as the "use-of-force clause." *United States v. Camp*, 903 F.3d 594, 597 (6th Cir. 2018). "Second, a crime of violence is a felony 'that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense.'" *Robinson*, 708 F. App'x at 273 (quoting 18 U.S.C. § 924(c)(3)(B)). This language is referred to as the statute's "residual clause." *Camp*, 903 F.3d at 597 n.2.

In *Davis*, the Supreme Court held that the residual clause "is unconstitutionally vague." *Davis*, 139 S. Ct. at 2336. It found that "the imposition of criminal punishment" under the clause impermissibly "depend[ed] on a judge's estimation of the degree of risk posed by a crime's imagined 'ordinary case.'" *Id.* at 2326.

Although *Davis* invalidated § 924(c)'s residual clause, Petitioner is not entitled to relief because aiding and abetting Hobbs Act robbery is a crime of violence under the statute's use-of-force clause. In 2017, the Sixth Circuit held that Hobbs Act robbery is a crime of violence under that clause. *See United States v. Gooch*, 850 F.3d 285, 292 (6th Cir. 2017). After *Davis* was issued, the Sixth Circuit extended *Gooch* to aiding and abetting Hobbs Act robbery. *See United States v. Richardson*, 948 F.3d 733, 741-42 (6th Cir. 2020), *cert. denied sub nom. Richardson v.*

3

*United States*, No. 19-8878, 2020 WL 5883230 (U.S. Oct. 5, 2020).  The court noted that "Davis le[ft] intact" the statute's use-of-force clause.  *Id.* at 741.  It reasoned that aiding and abetting Hobbs Act robbery qualifies as a crime of violence under that clause because "[t]here is no distinction between aiding and abetting the commission of a crime and committing the principal offense."  *Id.*  The court therefore concluded that "to sustain a conviction under § 924(c), it makes no difference whether [the defendant] was an aider or abettor or a principal."  *Id.* at 742.

Petitioner's convictions for aiding and abetting Hobbs Act robbery are therefore crimes of violence for purposes of his § 924(c) firearm offenses.  The Petition is **DENIED**.

## APPEAL ISSUES

A § 2255 petitioner may not proceed on appeal unless a district or circuit judge issues a certificate of appealability ("COA").  28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b)(1).  A COA may issue only if the petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2)-(3).  A substantial showing is made when the petitioner demonstrates that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'"  *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).  "If the petition was denied on procedural grounds, the petitioner must show, 'at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling.'"  *Dufresne v. Palmer*, 876 F.3d 248, 252-53 (6th Cir. 2017) (per curiam) (quoting *Slack*, 529 U.S. at 484).

4

In this case, reasonable jurists would not debate the correctness of the Court's decision to deny the Petition.  Because any appeal by Petitioner does not deserve attention, the Court **DENIES** a certificate of appealability.

Pursuant to Federal Rule of Appellate Procedure 24(a), a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, the prisoner must file his motion to proceed *in forma pauperis* in the appellate court.  *Id.*

In this case, for the same reason it denies a COA, the Court **CERTIFIES**, pursuant to Rule 24(a), that any appeal in this matter would not be taken in good faith.  Leave to appeal *in forma pauperis* is therefore **DENIED**.[2]

**IT IS SO ORDERED**.

s/ S. Thomas Anderson
S. THOMAS ANDERSON
CHIEF UNITED STATES DISTRICT JUDGE

Date: October 28, 2020

---

[2] If Petitioner files a notice of appeal, he must also pay the full $505.00 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty days.